1  Shaun Setareh (SBN 204514)
      shaun@setarehlaw.com
2  Thomas Segal (SBN 222791)
      thomas@setarehlaw.com
3  SETAREH LAW GROUP
   9454 Wilshire Boulevard, Suite 907
4  Beverly Hills, California 90212
   Telephone (310) 888-7771
5  Facsimile (310) 888-0109

6  Attorneys for Plaintiff
   KAREN ONIFER

7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10 | KAREN ONIFER, on behalf of herself, all      | Case No. 5:17-cv-07248-BLF
   | others similarly situated,
11 |                                              | Assigned For All Purposes To The Honorable
   |              *Plaintiff*,                     | Beth Labson Freeman, Courtroom 3
12 |
13 |         vs.                                   | **CLASS ACTION**
14 | FINANCE OF AMERICA MORTGAGE,                  | **FIRST AMENDED COMPLAINT**
   | LLC, a Delaware limited liability company;
15 | and DOES 1 through 100, inclusive,            | 1. Violation of 15 U.S.C. §§ 1681b(b)(2)(A)
   |                                              |    (Fair Credit Reporting Act);
16 |              *Defendants*.                    | 2. Violation of 15 U.S.C. §§ 1681d(a)(1) and
   |                                              |    1681g(c) (Fair Credit Reporting Act);
17 |                                              | 3. Violation of California Civil Code § 1786 *et
   |                                              |    seq.* (Investigative Consumer Reporting
18 |                                              |    Agencies Act);
   |                                              | 4. Violation of California Civil Code § 1785 *et
19 |                                              |    seq.* (Consumer Credit Reporting Agencies
   |                                              |    Act);
20 |                                              | 5. Failure to Provide Meal Periods (Lab. Code
   |                                              |    §§ 204, 223, 226.7, 512 and 1198);
21 |                                              | 6. Failure to Provide Rest Periods (Lab. Code
   |                                              |    §§ 204, 223, 226.7 and 1198);
22 |                                              | 7. Failure to Pay Hourly Wages (Lab. Code §§
   |                                              |    223, 510, 1194, 1194.2, 1197, 1997.1 and
23 |                                              |    1198);
   |                                              | 8. Failure to Indemnify (Lab. Code § 2802);
24 |                                              | 9. Failure to Provide Accurate Written Wage
   |                                              |    Statements (Lab. Code §§ 226(a));
25 |                                              | 10. Failure to Timely Pay All Final Wages
   |                                              |    (Lab. Code §§ 201, 202 and 203);
26 |                                              | 11. Unfair Competition (Bus. & Prof. Code §§
   |                                              |    17200 *et seq.*);
27 |                                              | 12. Failure to Pay Employees For All Hours
   |                                              |    Worked (29 U.S.C. §§ 201 *et seq.*);
28 |                                              | 13. Civil Penalties (Lab. Code §§ 2698 *et seq.*)

COMES NOW, Plaintiff KAREN ONIFER ("Plaintiff"), on behalf of herself, all others similarly situated, and the general public, and the general public, complains and alleges as follows:

**INTRODUCTION**

1.     Plaintiff brings this class action against defendants FINANCE OF AMERICA MORTGAGE LLC, a Delaware limited liability company; and DOES 1 through 100, inclusively (collectively referred to as "Defendants") for alleged violations of the Fair Credit Reporting Act ("FCRA") and similar California laws.

2.     Plaintiff alleges that Defendants routinely acquire consumer, investigative consumer and/or consumer credit reports (referred to collectively as "credit and background reports") to conduct background checks on Plaintiff and other prospective, current and former employees and use information from credit and background reports in connection with their hiring process without providing proper disclosures and obtaining proper authorization in compliance with the law.

3.     Plaintiff, individually and on behalf of all others similarly situated current, former and prospective employees, seeks compensatory and punitive damages due to Defendants' systematic and willful violations of the FCRA (15 U.S.C. §§ 1681 *et seq.*), the California Investigative Consumer Reporting Agencies Act ("ICRAA") (Cal. Civ. Code § 1786 *et seq.*); and the California Consumer Credit Reporting Agencies Act ("CCRAA") (Cal. Civ. Code § 1785, *et seq.*).

4.     Plaintiff also brings this class and representative action Defendants for alleged violations of the Labor Code and Business and Professions Code.  As set forth below, Plaintiff alleges that Defendants:

(1)     failed to provide him and all other similarly situated individuals with meal periods;

(2)     failed to provide them with rest periods;

(3)     failed to pay them premium wages for missed meal and/or rest periods;

(4)     failed to pay them for all hours worked;

(5)     failed to reimburse them for all necessary business expenses;

(6)     failed to provide them with accurate written wage statements; and

1

1          (7)     failed to pay them all of their final wages following separation of

2                  employment.

3          Based on these alleged Labor Code violations, Plaintiff now brings this class and

4  representative action to recover unpaid wages, restitution and related relief on behalf of herself, all

5  others similarly situated, and the general public.

6                          **JURISDICTION AND VENUE**

7          5.      This Court has original subject matter jurisdiction over Plaintiff's claims pursuant to

8  28 U.S.C. section 1331 because these claims seek redress for violation of Plaintiff's and the putative

9  class' federal statutory rights under the Fair Labor Standard Act (28 U.S.C. sections 201 *et seq.*).

10         6.      This Court has supplemental jurisdiction over Plaintiff's and the putative class' state

11 law claims pursuant to 28 U.S.C. section 1367(a) because these claims are so closely related to

12 Plaintiff's and the putative class' federal wage and hour claims that they form parts of the same case

13 or controversy under Article III of the United States Constitution.

14         7.      Venue is proper in this District under 28 U.S.C. section 1391(b)(2) and (c) because a

15 substantial part of the events and omissions giving rise to the claims alleged in this complaint

16 occurred in this District.

17         8.      This Court has personal jurisdiction over this matter because Defendants conduct

18 substantial business activity in this District, and because many of the unlawful acts described in this

19 complaint occurred in this District and gave rise to the claims alleged.

20                                  **PARTIES**

21         9.      Plaintiff is, and at all relevant times mentioned herein, an individual residing in the

22 State of California.

23         10.     Defendant FINANCE OF AMERICA MORTGAGE LLC is, and at all relevant times

24 mentioned herein, a Delaware limited liability company doing business in the State of California.

25         11.     Plaintiff is ignorant of the true names, capacities, relationships, and extent of

26 participation in the conduct alleged herein, of the defendants sued as DOES 1 through 100,

27 inclusive, but is informed and believes and thereupon alleges that the defendants are legally

28 responsible for the wrongful conduct alleged herein and therefore sues these defendants by such

fictitious names.  Plaintiff will amend the Complaint to allege the true names and capacities of the DOE defendants when ascertained.

12.    Plaintiff is informed and believes and thereupon alleges that, at all relevant times mentioned herein, all defendants were the agents, employees and/or servants, masters or employers of the remaining defendants, and in doing the things hereinafter alleged, were acting within the course and scope of such agency or employment, and with the approval and ratification of each of the other defendants.

13.    Plaintiff alleges that each and every one of the acts and omissions alleged herein were performed by and/or attributable to all defendants, each acting as agents and/or employees, and/or under the direction and control of each of the other defendants, and that the alleged acts and failures to act were within the course and scope of the agency, employment and/or direction and control.

## CLASS ALLEGATIONS

14.    This action is brought and may be maintained as a class action pursuant to Federal Rules of Civil Procedure 23 because there is a well-defined community of interest among the persons who comprise the readily ascertainable classes defined below and because Plaintiff is unaware of any difficulties likely to be encountered in managing this case as a class action.

15.    **Relevant Time Period**:  The relevant time period is defined as the time period beginning four years prior to the filing of this action until judgment is entered.

16.    **Class Definitions:**  The classes are defined as follows:

**FCRA Class:**  All of Defendants' current, former and prospective applicants for employment in the United States who applied for a job with Defendants at any time during the period for which a background check was performed beginning five years prior to the filing of this action and ending on the date that final judgment is entered in this action.

**ICRAA Class:**  All of Defendants' current, former and prospective applicants for employment in California, at any time during the period beginning five years prior to the filing of this action and ending on the date that final judgment is entered into this action.

**CCRAA Class:**  All of Defendants' current, former and prospective applicants for employment in California, at any time during the period beginning seven years prior to the filing of this action and ending on the date that final judgment is entered in this action.

**Exempt Class:**  All persons employed by Defendants and/or any staffing agencies and/or any other third parties in hourly or non-exempt positions in California during the **Relevant**

1    **Time Period**.

2          **Meal Period Sub-Class**:  All **Exempt Class** members who worked in a shift in
           excess of five hours during the **Relevant Time Period**.
3

4          **Rest Period Sub-Class**:  All **Exempt Class** members who worked a shift of at least
           three and one-half (3.5) hours during the **Relevant Time Period**.

5          **Wage Statement Penalties Sub-Class**:  All **Exempt Class** members employed by
           Defendants in California during the period beginning one year before the filing of
6          this action and ending when final judgment is entered.

7          **Waiting Time Penalties Sub-Class**:  All **Exempt Class** members who separated
           from their employment with Defendants during the period beginning three years
8          before the filing of this action and ending when final judgment is entered.

9      **Expense Reimbursement Class**:  All persons employed by Defendants in California who
       incurred business expenses during the **Relevant Time Period**.
10

11     **UCL Class**:  All **Exempt Class** members employed by Defendants in California during the
       **Relevant Time Period**.

12          17.     **Reservation of Rights**:  Pursuant to Rule of Court 3.765(b), Plaintiff reserves the

13   right to amend or modify the class definitions with greater specificity, by further division into sub-

14   classes and/or by limitation to particular issues.

15          18.     **Numerosity**:  The class members are so numerous that the individual joinder of each

16   individual class member is impractical.  While Plaintiff does not currently know the exact number

17   of class members, Plaintiff is informed and believes that the actual number exceeds the minimum

18   required for numerosity under California law.

19          19.     **Commonality and Predominance**:  Common questions of law and fact exist as to

20   all class members and predominate over any questions which affect only individual class members.

21   These questions include, but are not limited to:

22          A.      Whether Defendants failed to comply with the requirements of 15 U.S.C. §

23                  7001 section 101(c)(1);

24          B.      Whether Defendants willfully failed to provide the class with stand-alone

25                  written disclosures before obtaining a credit or background report in

26                  compliance with the statutory mandates;

27          C.      Whether Defendants willfully failed to identify the name, address, telephone

28                  number, and/or website of the investigative consumer reporting agency

---

1    conducting the investigation;

2    D.    Whether Defendants willfully failed to identify the source of the credit report

3          to be performed;

4    E.    Whether Defendants willfully failed to comply with the FCRA, ICRAA

5          and/or the CCRAA.

6    F.    Whether Defendants maintained a policy or practice of failing to provide

7          employees with their meal periods;

8    G.    Whether Defendants maintained a policy or practice of failing to provide

9          employees with their rest periods;

10   H.    Whether Defendants failed to pay premium wages to class members when

11         they have not been provided with required meal and/or rest periods;

12   I.    Whether Defendants failed to pay minimum, overtime and/or double time

13         wages to class members for all time worked;

14   J.    Whether Defendants failed to reimburse class members for all necessary

15         business expenses incurred during the discharge of their duties;

16   K.    Whether Defendants failed to provide class members with accurate written

17         wage statements as a result of providing them with written wage statements

18         with inaccurate entries for, among other things, amounts of gross and net

19         wages, and total hours worked;

20   L.    Whether Defendants applied policies or practices that result in late and/or

21         incomplete final wage payments;

22   M.    Whether Defendants are liable to class members for waiting time penalties

23         under Labor Code section 203;

24   N.    Whether class members are entitled to restitution of money or property that

25         Defendants may have acquired from them through unfair competition;

26   20.   **Typicality**:  Plaintiff's claims are typical of the other class members' claims.

27   Plaintiff is informed and believes and thereupon alleges that Defendants have a policy or practice of

28   failing to comply with the Labor Code and the Business and Professions Code as alleged herein.

21.    **Adequacy of Class Representative:**  Plaintiff is an adequate class representative in that she has no interests that are adverse to, or otherwise in conflict with, the interests of the absent class members.  Plaintiff is dedicated to vigorously prosecuting this action on behalf of class members.  Plaintiff will fairly and adequately represent and protect the interests of class members.

22.    **Adequacy of Class Counsel:**  Plaintiff's counsel are adequate class counsel in that they have no known conflicts of interest with Plaintiff or absent class members, are experienced in class action litigation and are dedicated to vigorously prosecuting this action on behalf of Plaintiff and absent class members.

23.    **Superiority:**  A class action is vastly superior to other available means for fair and efficient adjudication of class members' claims and would be beneficial to the parties and the Court.  Class action treatment will allow a number of similarly situated persons to be simultaneously and efficiently prosecute their common claims in a single forum without the unnecessary duplication of effort and expense that numerous individual actions would entail.  In addition, the monetary amounts due to many individual class members are likely to be relatively small and would therefore make it difficult, if not impossible, for individual class members to both seek and obtain relief.  Moreover, a class action will serve an important public interest by permitting class members to effectively pursue the recovery of monies owed to them.  Further, a class action will prevent the potential for inconsistent or contradictory judgments inherent in individual litigation.

## GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

24.    When Plaintiff applied for employment with Defendants, she was provided with several documents that purported to be a disclosure and authorization to perform a background investigation.

25.    The disclosure provided by Defendants failed to provide Plaintiff with the necessary disclosures and summary of rights as required by law.

26.    Plaintiff was hired by Defendants as a full-time, commission-only employee beginning on or about February 28, 2017 and was eventually terminated on August 18, 2017.  Plaintiff was hired as a Mortgage Originator.

27.    Plaintiff was assigned to work for the branch office located in Valencia, California

FIRST AMENDED CLASS ACTION COMPLAINT

1    but primarily worked from home.

2        28.    During her first two months, Plaintiff was required to attend various online training

3    and onboarding classes mandated by Defendants.  Plaintiff worked at least eight hours each

4    workday, five days a week during this time and at least forty hours each workweek.

5        29.    Plaintiff also spent up to an additional four hours each workday and/or twenty hours

6    each workweek prospecting, calling and meeting clients.

7        30.    Plaintiff was not paid for any of the time spent attending training, onboarding,

8    studying at home, nor was she paid for any time spent engaging in soliciting mortgage loan products

9    offered by Defendants.

10                              **Misclassification as Exempt Employee**

11       31.    Plaintiff and the putative class were also misclassified as exempt employees when

12    in fact they were non-exempt.  Plaintiff and the putative class regularly worked more than eight

13    hours each workday, and more than forty hours each workweek.  Plaintiff and the putative class

14    were paid a fixed salary regardless of the hours they worked and were paid and/or to be paid based

15    solely on commissions.

16       32.    Plaintiff and the putative class did not perform exempt duties, more than fifty

17    percent (50%) of the time and were not paid a salary of at least two times the minimum wage that

18    would qualify them as exempt employees under the Professional, Executive or Administrative

19    exemptions.

20       33.    Nor were Plaintiff and the putative class properly classified under the Outside

21    Salesperson exemption as they did not perform their work more than fifty percent (50%) of the

22    time away from the employer's place of business.  The employer's *place of business* is any fixed

23    location, including the salesperson's home, that the salesperson uses as a place of business. (29

24    C.F.R. § 541.502) ("Thus, any fixed site, whether home or office, used by a salesperson as a

25    headquarters or for telephonic solicitation of sales is considered one of the employer's place of

26    business, even though the employer is not in any formal sense the owner or tenant of the

27    property.")

28       34.    Accordingly, Plaintiff and the putative class were entitled to all the protections

FIRST AMENDED CLASS ACTION COMPLAINT

1 | afforded to them as non-exempt employees under California law.

2 |     35.    As a result of being misclassified as an exempt employee, the time spent by Plaintiff

3 | and the putative class were not accurately recorded by the timekeeping system utilized by

4 | Defendants and therefore resulted in the failure to pay Plaintiff and the putative class for all hours

5 | actually worked and overtime compensation.

6 | **Off-the-Clock Work**

7 |     36.    Plaintiff and the putative class were not paid all wages earned as Defendants

8 | directed, permitted or otherwise encouraged Plaintiff and the putative class to perform off-the-clock

9 | work.

10 |     37.    Plaintiff and the putative class regularly were required to attend and participate in

11 | online training and onboarding mandated by Defendants for the first two months of employment

12 | and worked at least eight hours each workday, forty hours each workweek but was not paid for any

13 | of this time.

14 |     38.    As a result of performing off-the-clock work that was directed, permitted or

15 | otherwise encouraged by Defendants, Plaintiff and the putative class should have been paid for this

16 | time.

17 |     39.    As a result of Defendants' policies and practices, Plaintiff and the putative class were

18 | not paid for all hours worked.

19 | **Missed Meal Periods**

20 |     40.    Plaintiff and the putative class members were not provided with meal periods of at

21 | least thirty (30) minutes for each five (5) hour work period due to (1) Defendants' policy of not

22 | scheduling each meal period as part of each work shift; (2) chronically understaffing each work

23 | shift with not enough workers; (3) imposing so much work on each employee such that it made it

24 | unlikely that an employee would be able to take their breaks if they wanted to finish their work on

25 | time; and (4) no formal written meal and rest period policy that encouraged employees to take their

26 | meal and rest periods.

27 |     41.    As a result of Defendants' policy, Plaintiff and the putative class were regularly not

28 | provided with uninterrupted meal periods of at least thirty (30) minutes for each five (5) hours

FIRST AMENDED CLASS ACTION COMPLAINT

worked due to complying with Defendants' productivity requirements that required Plaintiff and the putative class to work through their meal periods in order to complete their assignments on time.

**Missed Rest Periods**

42.    Plaintiff and the putative class members were not provided with rest periods of at least ten (10) minutes for each four (4) hour work period, or major fraction thereof, due to (1) Defendants' policy of not scheduling each rest period as part of each work shift; (2) chronically understaffing each work shift with not enough workers; (3) imposing so much work on each employee such that it made it unlikely that an employee would be able to take their breaks if they wanted to finish their work on time; and (4) no formal written meal and rest period policy that encouraged employees to take their meal and rest periods.

43.    As a result of Defendants' policy, Plaintiff and the putative class were regularly not provided with uninterrupted rest periods of at least ten (10) minutes for each four (4) hours worked due to complying with Defendants' productivity requirements that required Plaintiff and the putative class to work through their rest periods in order to complete their assignments on time.

**Expense Reimbursement**

44.    Plaintiff and the putative class members were required to utilize their own personal vehicles to travel to meet clients and their own cellphones to call clients in order to solicit Defendants' mortgage products.

45.    Plaintiff and the putative class members were not reimbursed for business expenses incurred in using their own vehicles and personal cellphones.

46.    Defendants failed to reimburse Plaintiff and the putative class for such necessary business expenses incurred by them.

**Inaccurate Wage Statements**

47.    Plaintiff and the putative class were not provided with accurate wage statements as mandated by law pursuant to Labor Code section 226.

48.    Defendants failed to comply with Labor Code section 226(a)(1) as "gross wages earned" were not accurately reflected in that:

1           A.     Any applicable meal and rest break premiums were not included;

2           B.     Hourly and overtime wages for off-the-clock work were not included;

3    49.    Defendants failed to comply with Labor Code section 226(a)(2) as "total hours

4 worked by the employee" were not accurately reflected in that:

5           A.     Hourly and overtime wages for off-the-clock work were not included;

6    50.    Defendants failed to comply with Labor Code section 226(a)(5) as "net wages

7 earned" were not accurately reflected in that:

8           A.     Any applicable meal and rest break premiums were not included;

9           B.     Hourly and overtime wages for off-the-clock work were not included.

10    51.    Defendants failed to comply with Labor Code section 226(a)(9) as "all applicable

11 hourly rates in effect during the pay period and the corresponding number of hours worked at each

12 hourly rate by the employee" were not accurately reflected in that:

13           A.     Hourly and overtime wages for off-the-clock work were not included.

## FIRST CAUSE OF ACTION

### FAILURE TO PROVIDE PROPER DISCLOSURE IN VIOLATION OF THE FCRA

### (15 U.S.C. §§ 1681b(b)(2)(A))

### (Plaintiff and FCRA Class Against All Defendants)

52.    Plaintiff incorporates the preceding paragraphs of this Complaint as if fully alleged herein.

53.    Defendants are "persons" as defined by Section 1681a(b) of the FCRA.

54.    Plaintiff and class members are "consumers" within the meaning of Section 1681a(c) of the FCRA because they are "individuals."

55.    Section 1681a(d)(1) of the FCRA defines "consumer report" as:

"The term "consumer report" means any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for–

(A) credit or insurance to be used primarily for personal, family, or household purposes;

(B)  employment purposes; or

(C)  any other purpose authorized under section 1681b of this title."
Accordingly, a credit and background report qualifies as a consumer report.

56.    Section 1681a(e) of the FCRA defines "investigative consumer report" as:

"The term 'investigative consumer report' means a consumer report or portion thereof in which information on a consumer's character, general reputation, personal characteristics, or mode of living is obtained through personal interviews with neighbors, friends, or associates of the consumer reported on or with others with whom he is acquainted or who may have knowledge concerning any such items off information.  However, such information shall not include specific factual information on a consumer's credit record obtained directly from a creditor of the consumer or from a consumer reporting agency when such information was obtained directly from a creditor of the consumer or from the consumer."

Accordingly, a credit and background report qualifies as an investigative consumer report.

57.    Section 1681b(b)(2)(A) of the FCRA provides:

Conditions for furnishing and using consumer reports for employment purposes Except as provided in subparagraph (B), a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless–

(i)    A ***clear and conspicuous*** disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, in a document that ***consists solely of the disclosure***, that a consumer report may be obtained for employment purposes; and

(ii)   The consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report by that person. (Emphasis added.)

58.    Section 1681b(b)(2)(A)(i) requires that a clear and conspicuous disclosure be made in writing.

59.    Because Defendants' disclosures do not meet the requirement of 15 U.S.C. section 7001(c), the disclosures do not satisfy the written requirement.

60.    Plaintiff alleges, upon information and belief, that in evaluating her and other class members for employment, Defendants procured or caused to be procured credit and background reports (i.e. a consumer report and/or investigative consumer report as defined by 15 U.S.C. section 1681a(d)(1)(B) and 15 U.S.C. section 1681a(e)).

61.    The purported disclosures do not meet the requirements under the law because they are embedded with extraneous information, and are not clear and unambiguous disclosures in stand-

11

1   alone documents.

2        62.    Under the FCRA, it is unlawful to procure or caused to be procured, a consumer

3   report or investigative consumer report for employment purposes unless the disclosure is made in a

4   document that consists solely of the disclosure and the consumer has authorized, in writing, the

5   procurement of the report. (15 U.S.C. § 1681b(b)(@0(A0(i)-(ii).)  The inclusion of a release and

6   other extraneous information therefore violates section 1681b(b)(2)(A) of the FCRA.

7        63.    Although the disclosure and authorization may be combined in a single document,

8   the Federal Trade Commission ("FTC") has warned that the form should not include any extraneous

9   information or be part of another document.  For example, in response to an inquiry as to whether

10   the disclosure may be set forth within an application for employment or whether it must be included

11   in a separate document, the FTC stated:

12           "The disclosure may not be part of an employment application because the language
             [of 15 U.S.C. section 1681b(b)(2)(A) is] intended to ensure that it appears
13           conspicuously in a document not encumbered by any other information.  The reason
             for requiring that the disclosure be in a stand-alone document is to prevent
14           consumers from being distracted by other information side-by-side within the
             disclosure."
15

16        64.    The plain language of the statute also clearly indicates that the inclusion of a liability

17   release in a disclosure form violates the disclosure and authorization requirements of the FCRA,

18   because such a form would not consist "solely" of the disclosure.  In fact, the FTC expressly warned

19   that the FCRA notice may not include extraneous information such as a release.  In a 1998 opinion

20   letter, the FTC stated:

21           "[W]e note that your draft disclosure includes a waiver by the consumer of his or her
             rights under the FCRA.  The inclusion of such a waiver in a disclosure form will
22           violate section 604(b)(2)(A) of the FCRA, which requires that a disclosure consist
             'solely' of the disclosure that a consumer report may be obtained for employment
23           purposes."

24        65.    In a report dated July 2011, the FTC reiterated that "the notice [under 15 U.S.C.

25   section 1681b(b)(2)(A))] may not include extraneous or contradictory information, such as a request

26   for a consumer's waiver of his or her rights under the FCRA."

27        66.    By including a release and other extraneous information, Defendants willfully

28   disregarded the FTC's regulatory guidance and violated section 1681b(b)(2)(A) of the FCRA.

1  Additionally, the inclusion of the extraneous provisions causes the disclosure to fail to be "clear and
2  conspicuous" and "clear and accurate" and therefore violates sections 1681b(b)(2)(A0 and
3  1681d(a).

4        67.    Defendants' conduct in violation of section 1681b(b)(2)(A) of the FCRA was and is
5  willful.  Defendants acts in deliberate or reckless disregard of their obligations and the rights of
6  applicants and employees, including Plaintiff and class members.  Defendants' willful conduct is
7  reflected by, among other things, the following facts:

8          A.    Defendants are a large corporation with access to legal advice;

9          B.    Defendants required a purported authorization to perform credit and
10            background checks in the process of employing the class members which,
11            although defective, evidences Defendants' awareness of and willful failure to
12            follow the governing laws concerning such authorizations;

13         C.    The plain language of the statute unambiguously indicates that inclusion of a
14            liability release and other extraneous information in a disclosure form
15            violates the disclosure and authorization requirements; and

16         D.    The FTC's express statements, pre-dating Defendants' conduct, which state
17            that it is a violation of section 1681b(b)(2)(A) of the FCRA to include a
18            liability waiver in the disclosure form.

19       68.    Defendants required a liability release in the disclosure form, along with other
20 extraneous information, that releases all parties involved from any liability and responsibility for
21 releasing information they have about the Plaintiff to Defendants.

22       69.    Based upon the facts likely to have evidentiary support after a reasonable
23 opportunity to further investigation and discovery, Plaintiff alleges that Defendants have a policy
24 and practice of procuring investigative consumer reports or causing investigative consumer reports
25 to be procured for applicants and employees without informing them of their right to request a
26 summary of their rights under the FCRA at the same time as the disclosure explaining that an
27 investigative consumer report may be made.  Pursuant to that policy and practice, Defendants
28 procured investigative consumer reports or caused investigative consumer reports to be procured for

Plaintiff and class members, as described above, without informing class members of their rights to request a written summary of their rights under the FCRA.

70.     Accordingly, Defendants willfully violated and continue to violate the FCRA, including but not limited to, sections 1681b(b)(2)(A) and 1681d(a). Defendants' willful conduct is reflected by, among other things, the facts set forth above.

71.     As a result of Defendants' unlawful procurement of credit and background reports by way of their inadequate disclosures, as set forth above, Plaintiff and class members have been injured, including but not limited to, having their privacy and statutory rights invaded in violation of the FCRA.

72.     Plaintiff, on behalf of herself and all class members, seek all available remedies pursuant to 15 U.S.C. section 1681n, including statutory damages and/or actual damages, punitive damages, injunctive and equitable relief and attorneys' fees and costs.

73.     In the alternative to Plaintiff's allegation that these violations were willful, Plaintiff alleges that the violations were negligent and seeks the appropriate remedy, if any, under 15 U.S.C. section 1681o, including statutory damages and attorneys' fees and costs.

## SECOND CAUSE OF ACTION

### FAILURE TO GIVE PROPER SUMMARY OF RIGHTS IN VIOLATION OF THE FCRA

### (15 U.S.C. § 1681d(a)(1) and 1681g(c))

### (Plaintiff and FCRA Class Against All Defendants)

74.     Plaintiff incorporates the preceding paragraphs of this Complaint as if fully alleged herein.

75.     Section 1681d(a) states:

(a) Disclosure of fact of preparation
A person may not procure or cause to be prepared an investigative consumer report on any consumer unless–

(1) it is *clearly and accurately disclosed to the consumer* that an investigative consumer report including information as to his character, general reputation, personal characteristics, and mode of living, which are applicable, may be made, and such disclosure

(A) is *made in a writing mailed, or otherwise delivered, to the consumer*, not later than three days after the date on which the report was first requested,

and

(B) *includes a statement informing the consumer of his right to request the additional disclosures* provided for under subsection (b) of this section and *the written summary of the rights of the consumer prepared pursuant to section 1681g(c)* of this title; and

(Emphasis added.)

76.    Section 1681d(b) states:

(b) Disclosure on request of nature and scope of investigation
Any person who procures or causes to be prepared an investigative consumer report on any consumer shall, upon written request made by the consumer within a reasonable period of time after the receipt by him of the disclosure required by subsection (a)(1), make a *complete and accurate disclosure of the nature and scope of the investigation requested*. This disclosure shall be made in a writing mailed, or after the date on which the request for such disclosure was received from the consumer or such report was first requested, whichever is the later.
(Emphasis added.)

77.    As previously alleged, because Defendants' disclosures do not meet the requirement of Section 101(c)(1) of 15 U.S.C. section 7001, the disclosures do not satisfy the written requirement.

78.    Moreover, even if Defendants' disclosures are deemed to satisfy Section 101(c)(1), Defendants did not comply with Section 1681d(a)(1)(b) because the disclosures fail to inform the consumer of the right to have the person who procured the report provide a complete and accurate disclosure of the nature and scope of the investigation requested.

79.    Section 1681g(c) further provides for summary of rights to obtain and dispute information in consumer reports and to obtain credit scores:

(c) Summary of rights to obtain and dispute information in consumer reports and to obtain credit scores

(1) Commission
Summary of rights required

(A) In general
The Commission shall prepare a model summary of the rights of consumers under this subchapter.

(B) Content of summary
The summary of rights prepared under subparagraph (A) shall include a description of–

(i) the right of a consumer to obtain a copy of a consumer report under subsection (a) from each consumer reporting agency;

15

   (ii)  the frequency and circumstances under which a consumer is entitled to receive a consumer report without charge under section 1681j of this title;

   (iii) the right of a consumer to dispute information in the file of the consumer under section 1681i of this title;

   (iv) the right of a consumer to obtain a credit score from a consumer reporting agency, and a description of how to obtain a credit score;

   (v)  the method by which a consumer can contact, and obtain a consumer report from, a consumer reporting agency without charge, as provided in the regulations of the Bureau prescribed under section 211(c) of the Fair and Accurate Credit Transactions Act of 2003; and

   (vi) the method by which a consumer can contact, and obtain a consumer report from, a consumer reporting agency described in section 1681a(w) of this title, as provided in the regulations of the Bureau prescribed under section 1681j(a)(1)(C) of this title.

80.     Defendants did not comply with 1681g(c)(B)(1) because the disclosures did not state the right of a consumer to obtain a copy of a consumer report from each consumer reporting agency.

81.     Defendants did not comply with 1681g(c)(B)(2) because the disclosure did not state the frequency and circumstances under which a consumer is entitled to receive a consumer report without charge.

82.     Defendants did not comply with 1681g(c)(B)(3) because the disclosure did not state the right of a consumer to dispute information in the file of the consumer.

83.     Defendants did not comply with 1681g(c)(B)(4) because the disclosure did not state the right of a consumer to obtain a credit score from a consumer reporting agency and a description of how to obtain a credit score.

84.     Defendants did not comply with 1681g(c)(B)(5) because the disclosure did not state the method by which a consumer can contact, and obtain a consumer report from, a consumer reporting agency without charge.

85.     Defendants did not comply with 1681g(c)(B)(6) because the disclosure did not state the method by which a consumer can contact, and obtain a consumer report from, a consumer reporting agency described in section 1681a(w) of this title, as provided in the regulations of the Bureau prescribed under section 1681j(a)(1)(C) of this title.

///

FIRST AMENDED CLASS ACTION COMPLAINT

## THIRD CAUSE OF ACTION

### FAILURE TO MAKE PROPER DISCLOSURE IN VIOLATION OF THE ICRAA

#### (Cal. Civ. Code §§ 1786 *et seq*.)

#### (Plaintiff and ICRAA Class Against All Defendants)

86.     Plaintiff incorporates the preceding paragraphs in the Complaint as if fully alleged herein.

87.     Defendants are "persons" as defined by section 1786.2(a) of the ICRAA.

88.     Plaintiff and **ICRAA Class** members are "consumers" within the meaning of section 1786.2(b) of the ICRAA because they are "individuals."

89.     Section 1786.2(c) of the ICRAA defines "investigative consumer report" as:

"The term investigative consumer report means a consumer report in which information on a consumer's character, general reputation, personal characteristics, or mode of living is obtained through any means."

90.     Accordingly, a background check qualifies as an investigative consumer report under the ICRAA.

91.     Section 1786.16(a)(2) of the ICRAA provides:

(2)  If, at any time, an investigative consumer report is sought for employment purposes other than suspicion of wrongdoing or misconduct by the subject of the investigation, the person seeking the investigative consumer report may procure the report, or cause the report to be made, only if all of the following apply:

(A)  The person procuring or causing the report to be made has a permissible purpose, as defined in Section 1786.12.

(B)  The person procuring or causing the report to be made provides a ***clear and conspicuous*** disclosure in writing to the consumer at any time before the report is procured or caused to be made ***in a document that consists solely of the disclosure***, that:

(i)   An investigative consumer report may be obtained.

(ii)  The permissible purpose of the report is identified.

(iii) The disclosure may include information on the consumer's character, general reputation, personal characteristics, and mode of living.

(iv) Identifies the ***name, address, and telephone number of the investigative consumer reporting agency*** conducting the investigation.

(v)  Notifies the consumer in writing of the nature and scope of the

17

investigation requested, including a summary of the provisions of Section 1786.22.

(vi) ***Notifies the consumer of the Internet Web site address of the investigative consumer reporting agency*** identified in clause (iv), or, ***if the agency has no Internet Web site address, the telephone number of the agency***, where the consumer may find information about the investigative reporting agency's privacy practices, including whether the consumer's personal information will be sent outside the United States or its territories and information that complies with subdivision (d) of Section 1786.20. This clause shall be operative on January 1, 2012.

(C) The consumer has authorized in writing the procurement of the report.

(Emphasis added.)

92.    As previously alleged, because Defendants' disclosures do not meet the requirements of section 101(c)(1) of 15 U.S.C. section 7001, the disclosures do not satisfy section 1786.16(a)(2) of the ICRAA requirement that the disclosures be made in writing.

93.    As described above, Plaintiff alleges that in evaluating her and other class members for employment, Defendants procured or caused to be prepared investigative consumer report (e.g. background checks) as described by Civil Code section 1786.2(c).

94.    Because the purported disclosures are embedded with extraneous information and are not clear and unambiguous disclosures in stand-alone documents, they do not meet the requirements under the law.

95.    Under the ICRAA, it is unlawful to procure or caused to be procured, a consumer report or investigative consumer report for employment purposes unless the disclosure is made in a document that consists solely of the disclosure and the consumer has authorized, in writing, the procurement of the report. Cal. Civ. Code § 1786.16(a)(2)(B)-(C). The inclusion of a release and other extraneous information therefore violates section 1786.16(a)(2)(B) of the ICRAA.

96.    The plain language of the statute clearly indicates that the inclusion of a liability release in a disclosure form violates the disclosure and authorization requirements of the ICRAA because such a form would not consist "solely" of the disclosure.

97.    By including a release and other extraneous information, Defendants willfully violated section 1786.16(a)(2)(B) of the ICRAA. Additionally, the inclusion of the extraneous provisions causes the disclosure to fail to be "clear and conspicuous" and thus violates section

1    1786.16(a)(2)(B).

2          98.    Based upon facts that are likely to have evidentiary support after a reasonable

3    opportunity for investigation and discovery, Plaintiff alleges that Defendants have a policy and

4    practice of failing to provide adequate written disclosure to applicants and employees, before

5    procuring background checks or causing background checks to be procured, as described above.

6    Pursuant to that policy and practice, Defendants procured background checks or caused background

7    checks to be procured for Plaintiff and class members without first providing a written disclosure in

8    compliance with section 1786.16(a)(2)(B) of the ICRAA, as described above.

9          99.    Defendants' conduct in violation of Section 1786.16(a)(2)(B) of the ICRAA was and

10   is willful and/or grossly negligent.  Defendants acted in deliberate or reckless disregard of their

11   obligations and the rights of applicants and employees, including Plaintiff and class members.

12   Defendants' willful conduct is reflected by, among other things, the following facts:

13                  (a) Defendants are large corporations with access to legal advice;

14                  (b) Defendants required a purported authorization to perform credit and background

15                       checks in the process of employing the class members which, although defective,

16                       evidences Defendants' awareness of and willful failure to follow the governing

17                       laws concerning such authorizations; and

18                  (c) The plain language of the statute unambiguously indicates that inclusion of a

19                       liability release and other extraneous information in a disclosure form violates

20                       the disclosure and authorization requirements, and that the disclosure form must

21                       contain the name, address, phone number, and/or website address of the

22                       investigative consumer reporting agency conducting the investigation.

23         100.    As a result of Defendants' illegal procurement of background reports by way of their

24   inadequate disclosures, as set forth above, Plaintiff and class members have been injured including,

25   but not limited to, having their privacy and statutory rights invaded in violation of the ICRAA.

26         101.    Plaintiff, on behalf of herself and all class members, seeks all available remedies

27   pursuant to Civil Code section 1786.50, including statutory damages and/or actual damages,

28   punitive damages, and attorneys' fees and costs.

1    102.    In the alternative to Plaintiff's allegation that these violations were willful or grossly

2    negligent, Plaintiff alleges that the violations were negligent and seeks the appropriate remedy, if

3    any, under Civil Code section 1786.50(a), including actual damages and attorneys' fees and costs.

4    ## FOURTH CAUSE OF ACTION

5    **FAILURE TO MAKE PROPER DISCLOSURE IN VIOLATION OF THE CCRAA**

6    **(Cal. Civ. Code §§ 1785 *et seq.*)**

7    **(Plaintiff and CCRAA Class Against All Defendants)**

8    103.    Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

9    104.    Defendants are "persons" as defined by Section 1785.3(j) of the Consumer Credit

10    Reporting Agencies Act ("CCRAA").

11    105.    Plaintiff and **CCRAA Class** members are "consumers" within the meaning Section

12    1785.3(b) of the CCRAA, because they are "natural individuals."

13    106.    Section 1785.3(c) of the ICRAA defines "consumer credit report" as:

14    any written, oral, or other communication of any information by a consumer credit
reporting agency bearing on a consumer's credit worthiness, credit standing, or credit
15    capacity, which is used or is expected to be used, or collected in whole or in part, for
the purpose of serving as a factor in establishing the consumer's eligibility for: …(2)
16    employment purposes…

17    Thus, a credit report qualifies as a consumer credit report under the CCRAA.

18    107.    Section 1785.20.5(a) of the CCRAA provides, in relevant part:

19    Prior to requesting a consumer credit report for employment purposes, the user of the
report shall provide written notice to the person involved. The notice shall inform the
20    person that a report will be used, and ***shall identify the specific basis under subdivision
(a) of Section 1024.5 of the Labor Code for use of the report. The notice shall also***
21    ***inform the person of the source of the report***…

22    (Emphasis added.)

23    108.    As described above, Plaintiff alleges that in evaluating her and other class

24    members for employment, Defendants procured or caused to be prepared consumer credit reports

25    (e.g. credit reports), as defined by Section 1785.3(c).

26    109.    The disclosure provided by Defendants does not identify the specific basis under

27    subdivision (a) of Section 1024.5 of the Labor Code for use of the credit report.  This omission

28    clearly violates Section 1785.20.5(a) of the CCRAA, as delineated above.

110.     Based upon facts that are likely to have evidentiary support after a reasonable opportunity for investigation and discovery, Plaintiff alleges that Defendants have a policy and practice of failing to provide adequate written disclosures to applicants and employees, before procuring credit reports or causing credit reports to be procured, as described above.  Pursuant to that policy and practice, Defendants procured credit reports or caused credit reports to be procured for Plaintiff and class members without first providing a written notice in compliance with Section 1785.20.5(a) of the CCRAA, as described above.

111.     Defendants' conduct in violation of Section 1785.20.5(a) of the CCRAA was and is willful and/or grossly negligent. Defendants acted in deliberate or reckless disregard of their obligations and the rights of applicants and employees, including Plaintiff and class members. Defendants' willful conduct is reflected by, among other things, the following facts:

(a)     Defendants are large corporations with access to legal advice;

(b)     Defendants required a purported authorization to perform credit checks in the process of employing the class members which, although defective, evidences Defendants' awareness of and willful failure to follow the governing laws concerning such authorizations; and

(c)     The plain language of the statute unambiguously indicates that failure to include the provisions identified above violates the CCRAA's notice requirements, and that the notice must identify the specific basis under subdivision (a) of Section 1024.5 of the Labor Code for use of the credit report and must identify the source of any credit report.

112.     As a result of Defendants' illegal procurement of credit reports by way of their inadequate notice, as set forth above, Plaintiff and class members have been injured including, but not limited to, having their privacy and statutory rights invaded in violation of the CCRAA.

113.     Plaintiff, on behalf of herself and all class members, seeks all available remedies pursuant to Civil Code section 1785.31, including statutory damages and/or actual damages, punitive damages, injunctive relief, and attorneys' fees and costs.

114.     In the alternative to Plaintiff's allegation that these violations were willful, Plaintiff

alleges that the violations were negligent and seeks the appropriate remedy, if any, under Civil Code section 1785.31(a)(1), including but not limited to actual damages and attorneys' fees and costs.

## FIFTH CAUSE OF ACTION

### FAILURE TO PROVIDE MEAL PERIODS

### (Lab. Code §§ 004, 223, 226.7, 512 and 1198)

### (Plaintiff and Meal Period Sub-Class)

115.    Plaintiff incorporates by reference the preceding paragraphs of the Complaint as if fully alleged herein.

116.    At all relevant times, Plaintiff and the **Meal Period Sub-Class** members have been non-exempt employees of Defendant entitled to the full meal period protections of both the Labor Code and the applicable Industrial Welfare Commission Wage Order.

117.    Labor Code section 512 and Section 11 of the applicable Industrial Welfare Commission Wage Order impose an affirmative obligation on employers to provide non-exempt employees with uninterrupted, duty-free meal periods of at least thirty minutes for each work period of five hours, and to provide them with two uninterrupted, duty-free meal periods of at least thirty minutes for each work period of ten hours.

118.    Labor Code section 226.7 and Section 11 of the applicable Industrial Welfare Commission Wage Order ("Wage Order") both prohibit employers from requiring employees to work during required meal periods and require employers to pay non-exempt employees an hour of premium wages on each workday that the employee is not provided with the required meal period.

119.    Compensation for missed meal periods constitutes wages within the meaning of Labor Code section 200.

120.    Labor Code section 1198 makes it unlawful to employ a person under conditions that violate the applicable Wage Order.

121.    Section 11 of the applicable Wage Order states:

"No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be

waived by mutual consent of the employer and employee. Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an 'on duty' meal period and counted as time worked. An 'on duty' meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time."

122.    At all relevant times, Plaintiff was not subject to a valid on-duty meal period agreement. Plaintiff is informed and believes that, at all relevant times, **Meal Period Sub-Class** members were not subject to valid on-duty meal period agreements with Defendants.

123.    Plaintiff alleges that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of not providing Plaintiff and members of the **Meal Period Sub-Class** with uninterrupted, duty-free meal periods for at least thirty (30) minutes for each five (5) hour work period, as required by Labor Code section 512 ad the applicable Wage Order.

124.    Plaintiff alleges that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of failing to pay premium wages to **Meal Period Sub-Class** members when they worked five (5) hours without clocking out for any meal period.

125.    Plaintiff alleges that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of not providing Plaintiff and members of the **Meal Period Sub-Class** with a second meal period when they worked shifts of ten or more hours and failed to pay them premium wages as required by Labor Code 512 and the applicable Wage Order.

126.    Moreover, Defendants written policies do not provide that employees must take their first meal period before the end of the fifth hour of work, that they are entitled to a second meal period if they work a shift of over ten hours, or that the second meal period must commence before the end of the tenth hour of work, unless waived.

127.    At all relevant times, Defendants failed to pay Plaintiff and the **Meal Period Sub-Class** members additional premium wages, and/or were not paid premium wages at the employees' regular rates of pay when required meal periods were not provided.

128.    Pursuant to Labor Code section 204, 218.6 and 226.7, Plaintiff, on behalf of himself and the **Meal Period Sub-Class** members, seek to recover unpaid premium wages, interest thereon,

1  and costs of suit.

2      129.    Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the

3  substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of herself and the

4  **Meal Period Sub-Class** members, seek to recover reasonable attorneys' fees.

5                              **SIXTH CAUSE OF ACTION**

6                          **FAILURE TO PROVIDE REST PERIODS**

7                          **(Lab. Code §§ 204, 223, 226.7 and 1198)**

8                          **(Plaintiff and Rest Period Sub-Class)**

9      130.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged

10  herein.

11      131.    At all relevant times, Plaintiff and the **Rest Period Sub-Class** members have been

12  non-exempt employees of Defendants entitled to the full rest period protections of both the Labor

13  Code and the applicable Wage Order.

14      132.    Section 12 of the applicable Wage Order imposes an affirmative obligation on

15  employers to permit and authorize employees to take required rest periods at a rate of no less than

16  ten minutes of net rest time for each four hour work period, or major fraction thereof, that must be

17  in the middle of each work period insofar as practicable.

18      133.    Labor Code section 226.7 and Section 12 of the applicable Wage Order both prohibit

19  employers from requiring employees to work during required rest periods and require employers to

20  pay non-exempt employees an hour of premium wages at the employees' regular rates of pay, on

21  each workday that the employee is not provided with the required rest period(s).

22      134.    Compensation for missed rest periods constitutes wages within the meaning of Labor

23  Code section 200.

24      135.    Labor Code section 1198 makes it unlawful to employ a person under conditions that

25  violate the Wage Order.

26      136.    Plaintiff alleges that, at all relevant times during the applicable limitations period,

27  Defendants maintained a policy or practice of not providing members of the **Rest Period Sub-Class**

28  with net rest period of at least ten minutes for each four hour work period, or major fraction thereof,

1  as required by the applicable Wage Order.

2      137.   At all relevant times, Defendants failed to pay Plaintiff and the **Rest Period Sub-**

3  **Class** members additional premium wages when required rest periods were not provided.

4      138.   Specifically, Defendants written policies do not provide that employees may take a

5  rest period for each four hours worked, or major fraction thereof, and that rest periods should be

6  taken in the middle of each work period insofar as practicable.

7      139.   Pursuant to Labor Code section 204, 218.6 and 226.7, Plaintiff, on behalf of herself

8  and **Rest Period Sub-Class** members, seek to recover unpaid premium wages, interest thereon, and

9  costs of suit.

10      140.   Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the

11  substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of herself and

12  **Rest Period Sub-Class** members, seek to recover reasonable attorneys' fees.

13  

**SEVENTH CAUSE OF ACTION**

14  

**FAILURE TO PAY HOURLY AND OVERTIME WAGES**

15  

**(Lab. Code §§ 223, 510, 1194, 1197 and 1198)**

16  

**(Plaintiff and Exempt Class)**

17      141.   Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged

18  herein.

19      142.   At all relevant times, Plaintiff and **Exempt Class** members are or have been non-

20  exempt employees of Defendants entitled to the full protections of the Labor Code and the

21  applicable Wage Order.

22      143.   Section 2 of the applicable Wage Order defines "hours worked" as "the time during

23  which an employee is subject to the control of the employer, and includes all the time the employee

24  is suffered or permitted to work, whether or not required to do so."

25      144.   Section 4 of the applicable Wage Order requires an employer to pay non-exempt

26  employees at least the minimum wage set forth therein for all hours worked, which consist of all

27  hours that an employer has actual or constructive knowledge that employees are working.

28      145.   Labor Code section 1194 invalidates any agreement between an employer and an

25

1 employee to work for less than the minimum or overtime wage required under the applicable Wage

2 Order.

3      146.    Labor Code section 1194.2 entitles non-exempt employees to recover liquidated

4 damages in amounts equal to the amounts of unpaid minimum wages and interest thereon in

5 addition to the underlying unpaid minimum wages and interest thereon.

6      147.    Labor Code section 1197 makes it unlawful for an employer to pay an employee less

7 than the minimum wage required under the applicable Wage Order for all hours worked during a

8 payroll period.

9      148.    Labor Code section 1197.1 provides that it is unlawful for any employer or any other

10 person acting either individually or as an officer, agent or employee of another person, to pay an

11 employee, or cause an employee to be paid, less than the applicable minimum wage.

12      149.    Labor Code section 1198 makes it unlawful for employers to employ employees

13 under conditions that violate the applicable Wage Order.

14      150.    Labor Code section 204 requires employers to pay non-exempt employees their

15 earned wages for the normal work period at least twice during each calendar month on days the

16 employer designates in advance and to pay non-exempt employees their earned wages for labor

17 performed in excess of the normal work period by no later than the next regular payday.

18      151.    Labor Code section 223 makes it unlawful for employers to pay their employees

19 lower wages than required by contract or statute while purporting to pay them legal wages.

20      152.    Labor Code section 510 and Section 3 of the applicable Wage Order require

21 employees to pay non-exempt employees overtime wages of no less than one and one-half times

22 their respective regular rates of pay for all hours worked in excess of eight hours in one workday, all

23 hours worked in excess of forty hours in one workweek, and/or for the first eight hours worked on

24 the seventh consecutive day of one workweek.

25      153.    Labor Code section 510 and Section 3 of the applicable Wage Order also require

26 employers to pay non-exempt employees overtime wages of no less than two times their respective

27 regular rates of pay for all hours worked in excess of twelve hours in one workday and for all hours

28 worked in excess of eight hours on a seventh consecutive workday during the workweek.

FIRST AMENDED CLASS ACTION COMPLAINT

1     154.    Plaintiff is informed and believes that, at all relevant times, Defendants have applied

2    centrally devised policies and practices to her and **Exempt Class** members with respect to working

3    conditions and compensation arrangements.

4     155.    At all relevant times, Defendants failed to pay hourly wages to Plaintiff and **Exempt**

5    **Class** members for all time worked, including but not limited to, overtime hours at statutory and/or

6    agreed rates.

7     156.    During the relevant time period, Defendants failed to pay Plaintiff and **Exempt**

8    **Class** members all earned wages every pay period at the correct rates, including overtime rates,

9    because Defendants directed, permitted or otherwise encouraged Plaintiff and **Exempt Class**

10   members to perform off-the-clock work.

11    157.    As a result of Defendants' unlawful conduct, Plaintiff and **Exempt Class** members

12   have suffered damages in an amount, subject to proof, to the extent they were not paid the full

13   amount of wages earned during each pay period during the applicable limitations period, including

14   overtime wages.

15    158.    Pursuant to Labor Code sections 204, 218.6, 223, 510, 1194 and 1194.2, Plaintiff, on

16   behalf of herself and **Exempt Class** members, seek to recover unpaid straight time and overtime

17   wages, interest thereon and costs of suit.

18    159.    Plaintiff is informed and believes, and thereupon alleges that, at all relevant times

19   during the applicable limitations period, Defendants maintained a policy or practice of paying

20   **Exempt Class** members premium wages based on rates of compensation that have not reflected

21   non-discretionary bonuses and/or shift differential pay as required by Labor Code section 226.7(b)

22   and Sections 11 and 12 of the applicable Wage Order on the occasions when Defendants paid them

23   premium wages in lieu of meal and/or rest periods.

24    160.    Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the

25   substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of herself and

26   **Exempt Class** members, seek to recover reasonable attorneys' fees.

27   ///

28   ///

FIRST AMENDED CLASS ACTION COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## EIGHTH CAUSE OF ACTION

## FAILURE TO INDEMNIFY

### (Lab. Code § 2802)

### (Plaintiff and Expense Reimbursement Class)

161.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

162.    Labor Code section 2802(a) states:

"An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful."

163.    At all relevant times during the applicable limitations period, Plaintiff and the **Expense Reimbursement Class** members incurred necessary business related expenses and costs, including but not limited to, gas and mileage for the use of their personal vehicles to travel to meet clients and solicit Defendants' mortgage products.

164.    At all relevant times during the applicable limitations period, Plaintiff and the members of the **Expense Reimbursement Class** incurred necessary business related expenses and costs, including but not limited to, the use of their personal cellphones to call clients and solicit Defendants' mortgage products.

165.    As a result of their reimbursement policies and practices, Plaintiff is informed and believes and thereupon alleges that Defendants failed to reimburse her and **Expense Reimbursement Class** members for all necessary business expenses.

166.    By reason of the above, Plaintiff and the members of the **Expense Reimbursement Class** are entitled to restitution for all unpaid amounts due and owing to within four years of the date of the filing of the Complaint until the date of entry of judgment.

167.    Plaintiff, on behalf of himself, and **Expense Reimbursement Class** members, seek interest thereon and costs pursuant to Labor Code section 218.6, and reasonable attorneys' fees pursuant to Code of Civil Procedure section 1021.5.

///

## NINTH CAUSE OF ACTION

## FAILURE TO PROVIDE ACCURATE WRITTEN WAGE STATEMENTS

## (Lab. Code § 226)

### (Plaintiff and Wage Statement Penalties Sub-Class)

168.   Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

169.   Labor Code section 226(a) states:

"An employer, semimonthly or at the time of each payment of wages, shall furnish to his or her employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except as provided in subdivision (j), (3) the number of piece-rate units earned and any applicable piece rate if employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer, and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee and, beginning July 1, 2013, if the employer is a temporary services employer as defined in Section 201.3, the rate of pay and the total hours worked for each temporary services assignment. The deductions made from payment of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement and the record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California. For purposes of this subdivision, 'copy' includes a duplicate of the itemized statement provided to an employee or a computer-generated record that accurately shows all of the information required by this subdivision."

170.   The Division of Labor Standards Enforcement ("DLSE") has sought to harmonize the "detachable part of the check" provision and the "accurate itemized statement in writing" provision of Labor Code section 226(a) by allowing for electronic wage statements so long as each employee retains the right to elect to receive a written paper stub or record and that those who are provided with electronic wage statements retain the ability to easily access the information and convert the electronic statements into hard copies at no expense to the employee. (DLSE Opinion Letter July 6, 2006).

171.   Plaintiff is informed and believes that, at all relevant times during the applicable

1 | limitations period, Defendants have failed to provide **Wage Statement Penalties Sub-Class**
2 | members with written wage statements as described above.

3 |     172.    Plaintiff is informed and believes that Defendants' failure to provide her and **Wage**
4 | **Statement Penalties Sub-Class** members with accurate written wage statements were intentional in
5 | that Defendants have the ability to provide them with accurate wage statements but have
6 | intentionally provided them with written wage statements that Defendants have known do not
7 | comply with Labor Code section 226(a).

8 |     173.    Plaintiff and **Wage Statement Penalties Sub-Class** members have suffered injuries,
9 | in that Defendants have violated their legal rights to receive accurate wage statements and have
10 | misled them about their actual rates of pay and wages earned.  In addition, inaccurate information
11 | on their wage statements have prevented immediate challenges to Defendants' unlawful pay
12 | practices, has required discovery and mathematical computations to determine the amount of wages
13 | owed, has caused difficulty and expense in attempting to reconstruct time and pay records, and/or
14 | has led to the submission of inaccurate information about wages and deductions to federal and state
15 | government agencies.

16 |     174.    Pursuant to Labor Code section 226(e), Plaintiff, on behalf of herself and **Wage**
17 | **Statement Penalties Sub-Class** members, seek the greater of actual damages or $50.00 for the
18 | initial pay period in which a violation of Labor Code section 226(a) occurred, and $100.00 for each
19 | subsequent pay period in which a violation of Labor Code section 226(a) occurred, not to exceed an
20 | aggregate penalty of $4000.00 per class member, as well as awards of reasonable attorneys' fees
21 | and costs.

22 |                **TENTH CAUSE OF ACTION**
23 |         **FAILURE TO TIMELY PAY ALL FINAL WAGES**
24 |                **(Lab. Code §§ 201-203)**
25 |         **(Plaintiff and Waiting Time Penalties Sub-Class)**

26 |     175.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged
27 | herein.

28 |     176.    At all relevant times, Plaintiff and **Waiting Time Penalties Sub-Class** members

30

1 | have been entitled, upon the end of their employment with Defendants, to timely payment of all
2 | wages earned and unpaid before termination or resignation.

3 |   177. At all relevant times, pursuant to Labor Code section 201, employees who have been
4 | discharged have been entitled to payment of all final wages immediately upon termination.

5 |   178. At all relevant times, pursuant to Labor Code section 202, employees who have
6 | resigned after giving at least seventy-two (72) hours notice of resignation have been entitled to
7 | payment of all final wages at the time of resignation.

8 |   179. At all relevant times, pursuant to Labor Code section 202, employees who have
9 | resigned after giving less than seventy-two (72) hours notice of resignation have been entitled to
10 | payment of all final wages within seventy-two (72) hours of giving notice of resignation.

11 |   180. During the applicable limitations period, Defendants failed to pay Plaintiff all of her
12 | final wages in accordance with the Labor Code by failing to timely pay her all of her final wages.

13 |   181. Plaintiff is informed and believes that, at all relevant time during the applicable
14 | limitations period, Defendants have failed to timely pay **Waiting Time Penalties Sub-Class**
15 | members all of their final wages in accordance with the Labor Code.

16 |   182. Plaintiff is informed and believes that, at all relevant times during the applicable
17 | limitations period, Defendants have maintained a policy or practice of paying **Waiting Time**
18 | **Penalties Sub-Class** members their final wages without regard to the requirements of Labor Code
19 | sections 201 or 202 by failing to timely pay them all final wages.

20 |   183. Plaintiff is informed and believes and thereupon alleges that Defendants' failure to
21 | timely pay all final wages to her and **Waiting Time Penalties Sub-Class** members have been
22 | willful in that Defendants have the ability to pay final wages in accordance with Labor Code
23 | sections 201 and/or 202 but have intentionally adopted policies or practices that are incompatible
24 | with those requirements.

25 |   184. Pursuant to Labor Code sections 203 and 218.6, Plaintiff, on behalf of herself and
26 | **Waiting Time Penalties Sub-Class** members, seek waiting time penalties from the dates that their
27 | final wages have first become due until paid, up to a maximum of thirty days, and interest thereon.

28 |   185. Pursuant to Code of Civil Procedure section 1021.5, the substantial benefit doctrine

1 | and/or the common fund doctrine, Plaintiff, on behalf of herself and **Waiting Time Penalties Sub-**
2 | **Class** members, seek awards of reasonable attorneys' fees and costs.

### ELEVENTH CAUSE OF ACTION

### UNFAIR COMPETITION

### (Bus. & Prof. Code §§ 17200 *et seq.*)

### (Plaintiff, FCRA Class, ICRAA Class, CCRAA Class and UCL Class)

7 | 186.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged
8 | herein.

9 | 187.    Business and Professions Code section 17200 defines "unfair competition" to
10 | include any unlawful business practice.

11 | 188.    Business and Professions Code section 17203-17204 allow a person who has lost
12 | money or property as a result of unfair competition to bring a class action in accordance with Code
13 | of Civil Procedure section 382 to recover money or property that may have been acquired from
14 | similarly situated persons by means of unfair competition.

15 | 189.    California law requires employers to pay hourly, non-exempt employees for all hours
16 | they are permitted or suffered to work, including hours that the employer knows or reasonable
17 | should know that employees have worked.

18 | 190.    Plaintiff and the **FCRA Class, ICRAA Class, CCRAA Class and UCL Class**
19 | members re-alleges and incorporates the FIRST, SECOND, THIRD, FOURTH, FIFTH, SIXTH,
20 | SEVENTH, EIGHTH and TWELFTH causes of action herein.

21 | 191.    Plaintiff lost money or property as a result of the aforementioned unfair competition.

22 | 192.    Defendants have or may have acquired money by means of unfair competition.

23 | 193.    Plaintiff is informed and believes and thereupon alleges that by committing the
24 | Labor Code violations described in this Complaint, Defendants violated Labor Code sections 215,
25 | 216, 225, 226.6, 354, 408, 553, 1175, 1199 and 2802, which make it a misdemeanor to commit the
26 | Labor Code violations alleged herein.

27 | 194.    Defendants have committed criminal conduct through their policies and practices of,
28 | *inter alia*, failing to comport with their affirmative obligations as an employer to provide non-

1  exempt employees with uninterrupted, duty-free meal periods of at least thirty minutes for each

2  work period of five or more hours, by failing to provide non-exempt employees with a paid ten

3  minute rest period for every four hours worked or major fraction thereof, by failing to pay non-

4  exempt employees for all hours worked, and by failing to reimburse them for all expenses.

5      195.    At all relevant times, Plaintiff and **FCRA Class, ICRAA Class, CCRAA Class and**

6  **UCL Class** members have been non-exempt employees and entitled to the full protections of both

7  the Labor Code and the applicable Wage Order.

8      196.    Defendants' unlawful conduct as alleged in this Complaint amounts to and

9  constitutes unfair competition within the meaning of Business and Professions Code section 17200

10  *et seq.*  Business and Professions Code sections 17200 *et seq.* protects against unfair competition

11  and allows a person who has suffered an injury-in-fact and has lost money or property as a result of

12  an unfair, unlawful or fraudulent business practice to seek restitution on her own behalf and on

13  behalf of similarly situated persons in a class action proceeding.

14      197.    As a result of Defendants' violations of the Labor Code during the applicable

15  limitations period, Plaintiff has suffered an injury-in-fact and has lost money or property in the form

16  of earned wages.  Specifically, Plaintiff has lost money or property as a result of Defendants'

17  conduct.

18      198.    Plaintiff is informed and believes that other similarly situated persons have been

19  subject to the same unlawful policies or practices of Defendants.

20      199.    Due to the unfair and unlawful business practices in violation of the Labor Code,

21  Defendants have gained a competitive advantage over other comparable companies doing business

22  in the State of California that comply with their legal obligations.

23      200.    California's Unfair Competition Law ("UCL") permits civil recovery and injunctive

24  for "any unlawful, unfair or fraudulent business act or practice," including if a practice or act

25  violates or is considered unlawful under any other state or federal law.

26      201.    Accordingly, pursuant to Bus. & Prof. Code sections 17200 and 17203, Plaintiffs

27  request the issuance of temporary, preliminary and permanent injunctive relief enjoining

28  Defendants, and each of them, and their agents and employees, from further violations of the Labor

1  Code and applicable Industrial Welfare Commission Wage Orders; and upon a final hearing seek

2  an order permanently enjoining Defendants, and each of them, and their respective agents and

3  employees, from further violations of the Labor Code and applicable Industrial Welfare

4  Commission Wage Orders.

5      202.    Pursuant to Business and Professions Code section 17203, Plaintiff, on behalf of

6  herself and **FCRA Class, ICRAA Class, CCRAA Class and UCL Class** members, seek

7  declaratory relief and restitution of all monies rightfully belonging to them that Defendants did not

8  pay them or otherwise retained by means of its unlawful and unfair business practices.

9      203.    Pursuant to Code of Civil Procedure section 1021.5, the substantial benefit doctrine

10  and/or the common fund doctrine, Plaintiff and **FCRA Class, ICRAA Class, CCRAA Class and**

11  **UCL Class** members are entitled to recover reasonable attorneys' fees in connection with their

12  unfair competition claims.

**TWELFTH CAUSE OF ACTION**

**FAILURE TO PAY EMPLOYEES FOR ALL HOURS WORKED IN VIOLATION OF THE**

**FAIR LABOR STANDARDS ACT**

**(29 U.S.C. §§ 201 *et seq.*)**

**(Plaintiff and Exempt Class)**

18      204.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged

19  herein.

20      205.    At all relevant times, Plaintiff and all similarly situated **Exempt Class** members who

21  submit Consents to Become Party Plaintiff are or were employed by and engaged in providing

22  services necessary to Defendants and have been entitled to the rights, protections and benefits

23  provided under the Fair Labor Standards Act ("FLSA") 29 U.S.C. §§ 201 *et seq.*

24      206.    The FLSA requires, among other things, that employers pay employees the minimum

25  wage for all time worked plus overtime. 29 U.S.C. §§ 206, 207 and 215.

26      207.    At all relevant times, the time spent participating and attending training sessions and

27  soliciting Defendants' mortgage products are necessarily and directly related to the principal

28  activities of the employee's duties, and therefore constitutes compensable time under the FLSA and

FIRST AMENDED CLASS ACTION COMPLAINT

1 | is subject to the FLSA overtime requirements. 29 C.F.R. § 785.38.

2      208.    At all relevant times, Defendants have violated the FLSA by failing to pay Plaintiff
3 | and the **Exempt Class** for all time spent participating and attending online training mandated by
4 | Defendants and for engaging in sales related activities from her principal place of business.

5      209.    At all relevant times, Defendants have violated the FLSA by failing to pay **Exempt**
6 | **Class** members at one and one-half times the regular rate of pay when an employee's total hours
7 | worked exceed forty hours in a workweek.

8      210.    Defendants have also violated the FLSA by failing to keep required accurate records
9 | of all hours worked by **Exempt Class** members. 29 U.S.C. § 211(c).

10      211.    Plaintiff and similarly situated employees are victims of a uniform and entity-wide
11 | compensation policy.  This uniform policy has been applied to all employees employed by
12 | Defendants in violation of the FLSA.

13      212.    Plaintiff and all similarly situated individuals are entitled to damages equal to the
14 | mandated pay and overtime premium pay within the three years preceding the filing of this
15 | Complaint, plus periods of equitable tolling, because Defendants acted willfully and knew or
16 | showed reckless disregard of whether their conduct was prohibited by the FLSA.

17      213.    Defendants have acted neither in good faith nor with reasonable grounds to believe
18 | that their actions and omissions were not a violation of the FLSA.  Plaintiff and other similarly
19 | situated individuals are entitled to recover an award of liquidated damages in an amount equal to the
20 | amount of unpaid compensation, including overtime wages and/or prejudgment interest at the
21 | applicable rate. 29 U.S.C. § 216(b).

22      214.    As a result of violations of the FLSA minimum wage and overtime pay provisions,
23 | Defendants have unlawfully withheld compensation from Plaintiff and all similarly situated
24 | individuals.  Defendants are liable for unpaid compensation, together with an amount equal as
25 | liquidated damages, attorneys' fees and costs. 29 U.S.C. § 216(b).

26 | ///
27 | ///
28 | ///

## THIRTEENTH CAUSE OF ACTION

### CIVIL PENALTIES

### (Lab. Code §§ 2698 *et seq.*)

215.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

216.    During the applicable limitations period, Defendants have violated Labor Code sections 201, 202, 203, 204, 223, 226(a), 226.7, 227.3, 510, 512, 1194, 1197, 1198 and 2802.

217.    Labor Code sections 2699(a) and (g) authorize an aggrieved employee, on behalf of herself and other current and former employees, to bring a representative civil action to recover civil penalties pursuant to the procedures set forth in Labor Code section 2699.3 that may, but need not, be brought or maintained as a class action pursuant to Code of Civil Procedure section 382.

218.    Plaintiff, a former employee against who Defendants committed one or more of the alleged Labor Code violations during the applicable limitations period, is an aggrieved employee within the meaning of Labor Code section 2699(c).

219.    Plaintiff has complied with the procedures for bringing suit specified in Labor Code section 2699.3.

220.    Pursuant to Labor Code sections 2699(a) and (f), Plaintiff seeks the following civil penalties for Defendants' violations of Labor Code sections 201, 202, 203, 204, 223, 226(a), 226.7, 227.3, 510, 512, 1194, 1197, 1198 and 2802:

        A.    For violations of Labor Code sections 201, 202, 203, 212, 226.7, 227.3, 1194, 1198 and 2802, $100 for each employee per pay period for each initial violation and $200 for each employee per pay period for each subsequent violation (penalties set by Labor Code section 2699(f)(2));

        B.    For violations of Labor Code section 203, a penalty in an amount not exceeding thirty days pay as waiting time (penalties set by Labor Code section 256);

        C.    For violations of Labor Code section 204, $100 for each employee for each initial violation that was neither willful nor intentional, $200 for each

FIRST AMENDED CLASS ACTION COMPLAINT

employee, plus 25% of the amount unlawfully withheld from each employee, for each initial violation that was either willful or intentional, and $200 for each employee, plus 25% of the amount unlawfully withheld from each employee, for each subsequent violation, regardless of whether the subsequent violation was either willful or intentional (penalties set by Labor Code section 210);

D.  For violations of Labor Code section 223, $100 for each employee for each initial violation that was neither willful nor intentional, $200 for each employee, plus 25% of the amount unlawfully withheld from each employee, for each initial violation that was either willful or intentional, and $200 for each employee, plus 25% of the amount unlawfully withheld from each employee, for each subsequent violation, regardless of whether the subsequent violation was either willful or intentional (penalties set by Labor Code section 225.5);

E.  For violations of Labor Code section 226(a), if this action is deemed to be an initial citation, $250 for each employee for each violation. Alternatively, if an initial citation or its equivalent occurred before the filing of this action, $1,000 for each employee for each violation (penalties set by Labor Code section 226.3);

F.  For violation of Labor Code sections 510 and 512, $50 for each employee for each initial pay period for which the employee was underpaid, and $100 for each employee for each subsequent pay period for which the employee was underpaid (penalties set by Labor Code section 558);

G.  For violations of Labor Code section 1197, $100 for each aggrieved employee for each initial violation of Labor Code section 1197 that was intentional, and $250 for each aggrieved employee per pay period for each subsequent violation of Labor Code section 1197, regardless of whether the initial violation was intentional (penalties set by Labor Code section 1197.1);

FIRST AMENDED CLASS ACTION COMPLAINT

1
      H.      Pursuant to Labor Code section 2699(g), Plaintiff seeks award of reasonable

2
attorneys' fees and costs in connection with her claims for civil penalties.

3
## PRAYER FOR RELIEF

4
    WHEREFORE, Plaintiff, on behalf of herself, all others similarly situated, and the general

5
public, prays for relief and judgment against Defendants as follows:

6
      (1)     An order that the action be certified as a class action;

7
      (2)     An order that Plaintiff be appointed class representative;

8
      (3)     An order that counsel for Plaintiff be appointed class counsel;

9
      (4)     Unpaid wages;

10
      (5)     Actual damages;

11
      (6)     Liquidated damages;

12
      (7)     Restitution;

13
      (8)     Declaratory relief;

14
      (9)     Pre-judgment interest;

15
      (10)    Statutory penalties;

16
      (11)    Civil penalties;

17
      (12)    Costs of suit;

18
      (13)    Reasonable attorneys' fees; and

19
      (14)    Such other relief as the Court deems just and proper.

20
## DEMAND FOR JURY TRIAL

21
    Plaintiff, on behalf of herself, all other similarly situated, and the general public, hereby

22
demands a jury trial on all issues so triable.

23

24
Dated:  January 16, 2018              SETAREH LAW GROUP

25

26

27
                          SHAUN SETAREH

28
                          Attorneys for Plaintiff
                          KAREN ONIFER

FIRST AMENDED CLASS ACTION COMPLAINT